## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Douglas Hager, | Case No. 22-cv-1229 (NEB/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota | |
| Respondent. | |

Shawn Douglas Hager, OID# 262289, MCF-Stillwater, 970 Pickett Street, Bayport, MN 55003.

Brent D. Wartner, Assistant Washington County Attorney, Washington County Attorney's Office, 15015 62nd Street North, P.O. Box 6, Stillwater, MN 55082.

Petitioner Shawn Douglas Hager filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 seeking relief from his state-court convictions. Upon receipt of Hager's petition, this Court preliminarily reviewed the petition pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts and concluded that there was reason to believe that Hager had not fairly presented the claims for relief in the habeas petition to the Minnesota state courts. Accordingly, this Court ordered Hager to show cause why his petition for habeas corpus relief should not be dismissed without prejudice for failure to exhaust state remedies. *See* Order [ECF No. 3].

In response to the order to show cause, Hager submitted two letters to the Court. *See* [ECF Nos. 4 & 5]. In his first letter, dated May 20, 2022, *see* [ECF No. 4], Hager contends

1

that he raised each of the claims that he presented in his federal habeas petition in a *pro se* brief before the Minnesota Court of Appeals. In the second letter, dated June 1, 2022, *see* [ECF No. 5], Hager contends that he is unable to comply with the Court's order to show cause insofar as the order directed him to provide a copy of his petition for review before the Minnesota Supreme Court because his state appellate public defender refuses to do so on his behalf.

Hager having responded to the order to show cause, this matter is now again before the Court pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court concludes that Hager has failed to first exhaust all his federal habeas claims in state court, as required under 28 U.S.C. § 2254(b)(1)(A). Thus, this Court recommends that Hager's petition be denied without prejudice and that his request for appointment of counsel also be denied.

Pursuant to 28 U.S.C. § 2254(b), a federal court generally cannot grant a habeas petition filed by a prisoner in detention pursuant to a state-court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *see also Baldwin v. Reese,* 541 U.S. 27, 29 (2004). Further, a habeas petitioner must exhaust state court remedies for *all* of the claims he seeks to raise in a federal habeas corpus petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). The exhaustion rule requires district courts to dismiss "mixed" petitions containing both exhausted and unexhausted claims. *Id.*

2

In this matter, a state-court jury found Hager guilty of three counts of first-degree criminal sexual conduct. Hager presented two principal arguments on appeal before the Minnesota Court of Appeals: (1) whether the trial court improperly admitted "relationship evidence" pursuant to Minn. Stat. § 634.20 and (2) whether the trial court erred as a matter of state law in imposing a lifetime conditional release period to follow his term of imprisonment. *See State v. Hager*, No. A21-0229, 2022 WL 517959, at *1 (Minn. Ct. App. Feb. 22, 2022), *review denied* (Minn. May 17, 2022). The Minnesota Court of Appeals rejected the first argument but agreed with the second, remanded the matter for revision of the term of conditional release, but otherwise affirmed the convictions and the term of imprisonment imposed. *Id.* The Minnesota Supreme Court declined further review of the case. *Id.*

Yet, the claims addressed by the Minnesota Court of Appeals are not mentioned in Hager's federal habeas petition.[1] *See* Petition [ECF No. 1]. Instead, in his habeas petition, Hager challenges his conviction on the following grounds: (1) he is innocent of the charges; (2) the investigating officers destroyed and tampered with evidence pertaining to his case; (3) he was coerced into giving up joint custody of his son; (4) he received a constitutionally inadequate defense at trial; (5) his defense was improperly limited by the trial court; and (6) the state's witnesses at trial lied under oath.[2] *See id*. Likewise, however, none of

---

[1] And neither of the claims would have been cognizable on federal habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

[2] In his May 20, 2022, letter to the Court, Hager acknowledges that the third claim is unexhausted and voluntarily dismisses that claim. *See* [ECF No. 4].

3

Hager's federal habeas claims can be found in the opinion of the Minnesota Court of Appeals affirming Hager's conviction. Accordingly, on this record, it is clear that Hager has failed to first exhaust his federal habeas claims in state court as required pursuant to 28 U.S.C. § 2254(b)(1)(A).

Hager, however, has offered two arguments why his habeas petition nevertheless should not be dismissed for failure to first exhaust state remedies. Neither argument is adequate.

First, Hager contends that he raised each of these claims in a supplemental *pro se* brief filed with the Minnesota Court of Appeals and thereby fairly presented his claims to that court. *See* Letter [ECF No. 4]. It is not entirely clear that any claims raised in that *pro se* supplemental brief, which Hager did not submit to this Court, can be regarded as having been "fairly presented" to the Minnesota Court of Appeals because the Minnesota Court of Appeals considered any claims in that brief as being waived due to being based on "mere assertion" rather than legal argument. *Hager*, 2022 WL 517959, at *1 n.2 (Minn. Ct. App. Feb. 22, 2022). But even leaving this problem aside, Hager does not contend that *any* of his federal habeas claims were presented in *any* form to the Minnesota Supreme Court. Moreover, Hager's petition for review before the Minnesota Supreme Court[3] included only the claim that the Minnesota Court of Appeals erred in denying his request for a new trial because the district court improperly admitted evidence as "domestic conduct" under Minn.

---

[3] Hager did not include a copy of the petition for review with his response to the order to show cause, but the petition is available through the Minnesota Supreme Court's public docket.

Stat. § 634.20. *See State v. Hager*, A21-0229, Petition for Review of Decision of Court of Appeals, at 2 (Minn. Mar. 24, 2022).

Second, Hager contends that he should be excused from the exhaustion requirement of § 2254 because he asked his appellate counsel to raise each of the claims in his federal habeas petition before the Minnesota Supreme Court, but she refused to do so. *See* Letter [ECF No. 4]. Pursuant to 28 U.S.C. § 2254(b)(1)(B), federal courts may consider a habeas petition notwithstanding the petitioner's failure to first exhaust state court remedies where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). In this case, there is no indication that the state process was not available to Hager within the meaning of § 2254(b)(1)(B)(i). *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (concluding that § 2254(b)(1)(B)(i) applies when "there is no opportunity to obtain redress in state court"). Hager plainly had an opportunity to obtain redress in state court — he filed a direct appeal before the Minnesota Court of Appeals and the Minnesota Supreme Court. There is no reason to believe that this process would have been inadequate to afford Hager relief if he had fairly presented his claims.[4] And to the extent that Hager is claiming that his appellate counsel was constitutionally deficient for not presenting his arguments to the Minnesota Supreme Court for review, state corrective

---

[4] Insofar as Hager might argue that the Minnesota Supreme Court would not have considered a supplemental pro se petition for review, this would not establish (even if accepted) that corrective processes were unavailable to him. Hager had "no constitutional . . . right to simultaneously proceed pro se and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994). That Hager elected to remain represented while petitioning the Minnesota Supreme Court for relief obviously did not render the appellate process "ineffective." *See, e.g.*, *Avila v. Janssen*, Case No. 19-CV-3112 (PJS/ECW), 2021 WL 855989, at *1 (D. Minn. Jan. 25, 2021).

5

process remains available to Hager, though he has not yet availed himself of that process. *See Schneider v. State*, 725 N.W.2d. 516, 521 (Minn. 2007) (explaining that claims of ineffective assistance of appellate counsel are not barred in a subsequent post-conviction motion if they are not brought on direct appeal because such claims could not have been known at the time of the direct appeal).

Finally, although Hager has not raised the argument, this Court notes that an adequate showing of actual innocence can excuse a petitioner from needing to establish exhaustion of state remedies, *see Schlup v. Delo*, 513 U.S. 298, 323-27 (1995), and that Hager insists upon his innocence throughout the habeas petition now before the Court. In this Court's view, however, Hager has fallen well short of establishing a prima facie case that his criminal proceedings "probably resulted in the conviction of one who is actually innocent." *Id*. at 321 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Because Hager has not exhausted each of his federal habeas claims in state court and he has not shown that the circumstances warrant excusing him from the exhaustion requirement, this Court recommends that Hager's petition for habeas corpus relief under § 2254 be dismissed without prejudice. This Court does not believe appointment of counsel to be likely helpful to either Hager or the Court in this proceeding and therefore further recommends that Hager's request for appointment, made in response to this Court's order to show cause, be denied. And lastly, because this Court does not believe the basis upon which dismissal is recommended to be fairly debatable, it is further recommended that a certificate of appealability not be issued in this matter. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner's request for habeas corpus relief under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE**.

2. Petitioner's request for appointment of counsel be **DENIED AS MOOT**.

3. No certificate of appealability be issued.

Dated: August __11__, 2022                    *s/ Tony N. Leung*
                                                                                              Tony N. Leung
                                                                                              United States Magistrate Judge
                                                                                              District of Minnesota

                                                                                              *Hager v. State of Minnesota*
                                                                                              Case No. 22-cv-1229 (NEB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).