UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SHAWN DOUGLAS HAGER, | Case No. 22-CV-1229 (NEB/TNL) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

---

Shawn Douglas Hager petitions for a writ of habeas corpus under 28 U.S.C. Section 2254 in connection with his state-court conviction. The Court ordered Hager to show cause as to why his petition for habeas-corpus relief should not be dismissed for failure to exhaust state remedies. (ECF No. 3.) Hager submitted two letters to the Court in response. (ECF Nos. 4, 5.) In a Report and Recommendation, United States Magistrate Judge Tony N. Leung recommends denying Hager's petition and dismissing this action with prejudice. (ECF No. 8 ("R&R").) Because Hager objects, the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

BACKGROUND

A Minnesota jury convicted Hager of three counts of first-degree criminal sexual conduct. (R&R at 3.) Hager made two arguments on appeal.[1] (*Id.*) The first was whether the trial court incorrectly admitted "relationship evidence" against him in violation of Minnesota Statute Section 634.20. (*Id.*) The second was whether the trial court erred by imposing a lifetime conditional release period to follow his term of imprisonment. (*Id.*) The Minnesota Court of Appeals affirmed on the first argument, reversed on the second argument, and otherwise affirmed Hager's conviction and term of imprisonment. (*Id.*) The Minnesota Supreme Court denied further review of the case. (*Id.*)

Hager filed this habeas petition, asserting that: (1) law enforcement destroyed or tampered with evidence in his case; (2) he was coerced into making certain statements and confessions; (3) state witnesses lied under oath at trial; (4) he had ineffective assistance of counsel at trial and on appeal; and (5) he is innocent of the crime. (ECF Nos. 1 at 3, 5, 8, 10–13.) Hager's appeal to the Minnesota Court of Appeals does not mention any of the claims now raised in his federal habeas petition. (R&R at 3.) In his petition, Hager requests release from prison and the expungement of the state-conviction from his

---

[1] Hager asserts that he submitted additional arguments in a "Pro Se Brief" that accompanied the appeal filed by his Appellate Public Defender. (ECF No. 4.) Hager stated that he would provide a copy of this brief to the Court, but he did not. (ECF Nos. 4 & 5.) The Court reviewed the unpublished opinion from his appeal to the Minnesota Court of Appeals. *See State v. Hager*, No. A21-0229, 2022 WL 517959, (Minn. Ct. App. Feb. 22, 2022), *review denied* (Minn. May 17, 2022). The Court of Appeals opinion confirms that Hager raised only two issues on appeal. *Id.* at *1.

record. (*Id.* at 15.) The R&R recommends that the Court deny Hager's petition due to his failure to exhaust. (R&R at 6–7.) Hager objects. (ECF No. 9.) For reasons explained below, Hager's objection is overruled, and the Court accepts the R&R.

## ANALYSIS

### I. Procedurally-Defaulted Claims

Because Hager is proceeding *pro se*, the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Under Section 2254, habeas petitioners must first exhaust their state-court remedies before seeking relief from federal courts, providing the state courts the opportunity to consider and correct alleged violations of federal rights. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust his claims, the petitioner must "fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Further, a habeas petitioner must exhaust state-court remedies for all claims he seeks to raise in a federal habeas-corpus petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The exhaustion rule requires district courts to dismiss mixed petitions containing both exhausted and unexhausted claims. *Id.*

Hager has failed to exhaust his federal habeas claims in state court as required under Section 2254. 28 U.S.C. § 2254(b)(1)(A). Although Hager claims that he raised all

3

claims in a supplemental *pro se* brief also submitted to the Court of Appeals, no evidence of this brief appears before the Court. In fact, the Court of Appeals opinion begins by outlining the two questions before that court. *State v. Hager*, No. A21-0229, 2022 WL 517959, at *1 (Minn. Ct. App. Feb. 22, 2022), *review denied* (May 17, 2022) ("In this direct appeal from the judgment of conviction for first-degree criminal sexual conduct, appellant Shawn Hager argues that the district court erred (1) by permitting the state to introduce relationship evidence, and (2) by imposing lifetime conditional release where the guilty verdicts were accepted simultaneously. We affirm in part, reverse in part, and remand.") Under these facts, this Court cannot conclude that Hager's claims have been fairly presented to the Minnesota Court of Appeals. Nor does Hager assert that he presented any of his federal habeas claims, in any form, to the Minnesota Supreme Court.[2] (R&R at 4.) Hager's petition for review to the Minnesota Supreme Court included only the claim that the Minnesota Court of Appeals erred in denying his request for a new trial due to the improperly admitted relationship evidence. *See State v. Hager*, A21-0229, Petition for Review of Decision of Court of Appeals, at 2 (Minn. Mar. 24, 2022). On this record, the Court concludes that Hager has failed to exhaust and thus cannot proceed unless he can show a valid excuse from the exhaustion requirement.

---

[2] Hager did not include a copy of his Minnesota Supreme Court petition with his response to the order to show cause, but the petition is available through the Minnesota Supreme Court's public docket. (R&R at 4 n.3.)

Under Section 2254, federal courts may consider a habeas petition despite a petitioner's failure to exhaust state court remedies when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii). Hager argues that the Court should excuse him from the exhaustion requirement because he asked his appellate counsel to raise the claims, but she refused to do so. (ECF No. 4.) The Court finds this argument unpersuasive and unsupported by the record. Hager had an opportunity to seek redress on all claims in state court with his appeal and he provides the Court little, if any, evidence suggesting otherwise. Hager is not excused from the statutory requirement to exhaust state-court remedies before seeking habeas relief.

Finally, although Hager references his innocence throughout his petition, the Court determines that Hager's petition fails to establish a *prima facie* case that his criminal proceedings "probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citation omitted). Because Hager failed to fairly present his federal claims in state court and he has not proven circumstances warranting an excuse, the Court determines that Hager's habeas claims are procedurally defaulted.

## II.     Certificate of Appealability

The final issue is whether to issue a certificate of appealability for Hager's petition. A petitioner seeking relief under Section 2254 cannot appeal an adverse ruling absent a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Court may issue a certificate of

appealability only if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds it unlikely that any other court would decide Hager's petition differently than it has. Hager has not established the substantial showing necessary, and the Court therefore denies the issuance of a certificate of appealability.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Hager's Objection (ECF No. 9) is OVERRULED;

2. The Report and Recommendation (ECF No. 8) is ACCEPTED;

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;

4. The action is DISMISSED WITHOUT PREJUDICE; and

5. No certificate of appealability be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: January 9, 2023                           BY THE COURT:

                                                 s/Nancy E. Brasel
                                                 Nancy E. Brasel
                                                 United States District Judge